UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**ROBERT LEE THOMAS, JR.**                                                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 5:15CV-54-TBR**

**UNITED STATES NAVY** *et al.*                                                         **DEFENDANTS**

**MEMORANDUM OPINION**

     Plaintiff Robert Lee Thomas, Jr., filed a *pro se* civil complaint but did not file a summons form for any Defendant, and he neither paid the filing fee nor sought to proceed *in forma pauperis*. Consequently, by Order entered April 27, 2015 (DN 4), the Court ordered Plaintiff either to pay the $400.00 filing fee or to file a fully completed application to proceed without prepayment of fees and to submit a completed summons form for each Defendant named in the complaint. The Court warned Plaintiff that his failure to comply within 30 days from the Order's entry date would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. On May 15, 2015, the U.S. Postal Service returned Plaintiff's copy of the Order to the Court with the returned envelope marked "Moved Left No Address, Unable to Forward, Return to Sender" (DN 5).

     Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff

has not provided any notice of an address change to the Court, neither notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order.

Date:

cc:      Plaintiff, *pro se*
4413.005